SCHLESINGER & BLUMENTHAL *v.* JOHN STRATTON.

S. and B., liquor dealers in New York, and without a license to sell in Rhode Island, brought their action to recover the price of liquors sold S., a liquor dealer in Woonsocket, R. I. It appeared that by the terms of the contract the liquors were to be and were delivered to S. on board a steamer in New York, *en route* for Providence. S. was to have thirty days to see if the liquors were as represented ; if as represented he was to pay for them, if not as represented, he was to have the right to return them to S. and B. *Held*, that if this was the contract, it became complete on delivery in New York, and that S. and B., notwithstanding the statute of Rhode Island, avoiding such sales there unless made in the original packages, could recover.

Goods taken under an agreement that they may be returned within a specified time, if not found to be as represented, are sold under a " contract of sale or return," and pass to the purchaser subject to his option to return them, and if he fails to exercise that option within the time specified, he may be sued for goods sold and delivered.

ASSUMPSIT to recover the value of liquor sold by the plaintiffs, who did business in New York, to the defendant, who kept a retail liquor shop in Woonsocket, Rhode Island.

At the trial of the case at the present term of the court, before Mr. Justice Durfee and a jury, the defendant asked the court to instruct the jury—

1. That if the plaintiffs, not being distillers nor manufacturers here or elsewhere, sold domestic liquors in this state without a license, and not for purposes of exportation, they could not recover for such liquors so sold.

2. That if the jury believed that the so called imported liquors were not in original packages, and not imported liquors, but do-mestic, they would follow the same rule.

3. That on this evidence the contract was made in Woonsocket, in this state, and the price of the domestic liquors could not be recovered.

The court refused so to charge, and charged the jury, that if they found that under the contract the goods were to be deliv-ered to the defendant in New York, on board the Neptune line, and were so delivered, the plaintiffs were entitled to recover.

A verdict having been rendered for the plaintiffs for $1,444.23, the defendant thereupon alleged exceptions, and moved for a new trial.

*C. P. & H. H. Robinson,* for the defendant, *in support of the exceptions,* cited *Merchant* v. *Chapman* 4 Allen, 363; *Gardner* v. *Same,* 12 Allen, 39; *Wilson* v. *Stratton,* 47 Maine, 120; *Grant et al.* v. *Hill et al.* 4 Gray, 361.

*Van Slyck and L. M. Cook, for the plaintiffs, contra.*

DURFEE, J. The plaintiffs, who are liquor dealers, having their place of business in New York, and without license to sell in this state, bring this action to recover a balance of account for liquors sold by them to the defendant, a liquor dealer, whose place of business was, at the time of the sale, at Woonsocket, in this state. A part of the liquors were sold under a contract made between the parties at Woonsocket. By the terms of the contract, the said liquors were to be sent to the defendant from New York by the Neptune Line; were to be of a certain price and quality; the defendant was to have thirty days to see if the liquors were as represented; if as represented, the defendant was to pay for them as agreed; if not as represented, he was to have

the right to return them to the plaintiffs, who, in that event, were to pay the freight both ways. The plaintiff Schlesinger testified that it was stipulated that said liquors should be delivered in New York to the defendant, or for his account, on board the Neptune Line. The defendant testified that they were to be delivered to him in Woonsocket. The court, upon this evidence, instructed the jury that if they found that, under the contract, the goods were to be delivered to the defendant in New York, on board the Neptune Line, and were so delivered, the plaintiffs were entitled to recover. The defendant contends that this instruction was erroneous, on the ground that there could, on this testimony, be no complete sale until the defendant had decided on the quality of the liquors, which decision he could make only at his place of business at Woonsocket.

The defendant, in support of this view, relies especially on the case of *Wilson* v. *Stratton*, 47 Maine, 120. In that case the defendant, through an agent of the plaintiff, at his house in Maine, gave an order for liquor which was to be filled in Massachusetts, and was filled there, and the liquors sent to the defendant by steamer. The defendant paid truckage and freight. The plaintiff's agent agreed with the defendant that if he did not get such liquor as he wanted, he need not have it nor pay for it. The defendant testified that the liquor was of poorer quality than he expected. The court held that the contract was upon a condition precedent, which was not to be determined until the liquor came to the defendant's hands, and until that condition was determined the contract was incomplete. They therefore decided the sale to be void. The case was expressly decided upon the ground that the condition of the contract was a condition precedent, it being agreed that the defendant need not have the liquor nor pay for it unless it was what he wanted. In the case at bar the condition of the contract was a condition subsequent, the defendant being entitled to thirty days after the liquor was received by him to return it, if not found to be as represented. The sale was complete without any further act of acceptance when the liquors were delivered, the purchaser having a conditional right to rescind the sale within thirty days.

The contract in this case belongs to a class of contracts often called " contracts of sale or return," being upon a condition that the buyer may return the goods within a fixed or reasonable time at his option. It has been held that goods so sold pass to the purchaser, subject to the option in him to return them, and that if he fails to exercise the option within the proper time the price of the goods may be recovered as upon an absolute sale. *Moss* v. *Sweet*, 3 Eng. L. & E. 311 ; *S. C.* 16 Q. B. 493 ; *Bianchi* v. *Nash*, 1 M. & W. 545 ; *Beverly* v. *The Lincoln Gas Light & Coke Co.* 6 A. & E. 829. In *Moss* v. *Sweet*, Wightman J., said, "The current of authorities has established that this contract means that the goods are sold absolutely, unless the buyer returns them within a reasonable time." In that case no time for the return was fixed.

That the property passes, notwithstanding an option in the purchaser to return, was also held in *Dearborn* v. *Turner*, 16 Maine, 17. In that case a cow and calf were delivered by the plaintiff to the defendant, on the defendant's written promise to return the same cow within the year, with a calf by her side, or to pay $22,50. The court held that the defendant, having the option to return or pay, the property passed to him, and he was at liberty to sell the cow within the year. See also *Orcutt* v. *Nelson*, 1 Gray, 536. We therefore do not think the defendant is entitled to a new trial upon this ground.

It appears, by the statement of the testimony accompanying this motion, that the defendant testified that the liquors, contracted for in Woonsocket, were to be delivered to him in Woonsocket. If, under the contract, the liquors were to be delivered to the defendant in Woonsocket, and were so delivered, the plaintiffs would not be entitled to recover, unless the liquors were sold in the original packages. This testimony of the defendant escaped the attention of the justice who tried the cause, and he charged the jury under the impression that the testimony for the plaintiffs, on the same point, was uncontradicted. The jury was not distinctly called upon to pass upon the question of fact, whether, in view of this testimony, the sale was not completed by delivery in Woonsocket rather than in New York.

We think the defendant, under his requests for instruction,—though they might well have been more specific,—was entitled to have this question more clearly submitted to the jury, and that therefore he ought to have a new trial. We see no reason, however, for granting a new trial upon the case at large, and grant it to him, therefore, upon the condition that, in the new trial, the claim of the plaintiffs, for liquors sold, as set forth in the account accompanying the declaration, with legal interest thereon by way of damage, shall only be contested upon the ground that the said liquors, or some part of them, were sold in this state and in violation of its laws, and neither party shall have costs on this motion.

*New trial granted.*